Opinion filed November 5, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 5,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

___________

 

No. 11-08-00125-CR

 __________

 

JAMI LINN SPENCLEY, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 220th District Court

 

Comanche County, Texas

 

Trial Court Cause No. CCCR-07-03014

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Jami Linn Spencley of possession of methamphetamine in the
amount of less than one gram.  The trial court sentenced Spencley to eighteen
months confinement, probated for five years, and assessed a fine of $1,500.  We
affirm.

Background
Facts








Spencley
borrowed her stepfather=s
pickup because her vehicle needed repairs.  She had been in possession of the
pickup for one and one-half hours when Officer Ben Rowell pulled her over for
not having an operational license plate light.  Officer Rowell observed
Spencley acting Anervous[ly]@ while he dispatched her
information in order to give her a warning ticket.  He asked and she consented
to a search of the vehicle.  Officer Rowell seized a glass pipe with residue in
it.  He also seized a clear plastic bag with white powder residue in it; he had
found the bag inside a zippered bank bag on the front passenger=s seat.  Officer Rowell
suspected, and laboratory testing later confirmed, that the plastic bag
contained a trace amount of methamphetamine.

Legal
& Factual Sufficiency

Spencley
complains that either no evidence or insufficient evidence supports the jury=s verdict against her. 

 To
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To
determine if the evidence is factually sufficient, we must review all the
evidence in a neutral light and determine whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006).








The
State was required to prove beyond a reasonable doubt that Spencley
intentionally or knowingly possessed methamphetamine.  Tex. Health
& Safety Code Ann.
' 481.115 (Vernon
Supp. 2009).  When the contraband is not found on the defendant=s person or a place she
exclusively possesses, it may still be affirmatively linked to her through
independent facts and circumstances.  Brown v. State, 911 S.W.2d 744,
745-48 (Tex. Crim. App. 1995).  Affirmative links are circumstances, in
addition to presence, that justify the conclusion that the defendant knowingly
possessed the contraband.  Evans v. State, 202 S.W.3d 158, 162 (Tex.
Crim. App. 2006).  Circumstances that can link a defendant to contraband
include the following:  (1) that the defendant was present where the substance
was found; (2) that the contraband was in plain view; (3) that the contraband
was found in proximity to and was accessible to the defendant; (4) that the
defendant was under the influence of the drugs; (5) that the defendant
possessed other contraband; (6) that the defendant made incriminating
statements; (7) that the defendant made an attempt to flee; (8) that the
defendant made furtive gestures; (9) that there was an odor of contraband
present; (10) that the defendant owned or had a right of possession to the
place where contraband was found; (11) that the drugs were found in an enclosed
space; and (12) that the defendant had a large amount of cash.  Harris v.
State, 994 S.W.2d 927, 933 (Tex. App.CWaco
1999, pet. ref=d). 
The number of factors is not as important as the logical force or degree to
which the factors connect the drugs to the defendant.  Bellard v. State,
101 S.W.3d 594, 599 (Tex. App.CWaco
2003, pet. ref=d).    

The
State sufficiently connected Spencley to the methamphetamine.  Spencley was in
possession of the vehicle.  Officer Rowell found the glass pipe a foot from the
driver=s seat and
found the bag containing methamphetamine residue in the passenger=s seat.  Officer Rowell
also observed Spencley=s
extreme nervousness during the traffic stop.  After reviewing the evidence in
the light most favorable to the verdict, a rational jury could find Spencley
guilty of possession of methamphetamine beyond a reasonable doubt. 
Additionally, under a neutral review, the evidence was not so weak that it made
the verdict manifestly unjust and clearly wrong nor was it against the great
weight and preponderance of the evidence.  Accordingly, we hold that the evidence
is legally and factually sufficient to support Spencley=s conviction.  We overrule Spencley=s two issues.  

Conclusion

The
judgment of the trial court is affirmed.

 

      

RICK STRANGE 

JUSTICE

 

November 5, 2009

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J.